ELLIS, Judge.
Mike L. Fisher brought this suit seeking to recover for damages to his vehicle amounting to $126.36 resulting from a collision, which occurred on October 11, 1952, on Louisiana State Highway Number 34 about four miles south of the Town of Franklinton at approximately 3:30 P.M. The plaintiff alleged in his petition that the defendant’s truck was driven into the side of his truck, causing the accident. The defendant, Charles J. Gayer, answered plaintiff’s petition, denying the allegations therein, and making a reconveritional demand for damages to his truck in the amount of $54.94 based upon allegations that the plaintiff’s negligence was the proximate cause of the collision. Alternatively, the defendant pleaded the plaintiff’s contributory negligence as a special defense.
A pre-trial conference was held on March 1, 1955¿ at which a statement of facts was agreed upon and the damages to the plaintiff’s truck arid the defendant’s truck were set at $101.36 and $54.94, respectively.
After trial on the merits, the demands of the plaintiff were rejected and judgment was rendered for Charles J. Gayer, the plaintiff in reconvention, in the full sum- of $54.94, with legal interest thereon from date of judicial demand ■ until paid, and taxing all costs of suit to Mike L. Fisher, the plaintiff. The plaintiff has suspensively appealed from this judgment and the defendant has answered the appeal, praying that the judgment of the trial court be “sustained in its entirety.”
Considering the record as a whole, the accident seems to have occurred. in the following rnanner. Mike Fisher, proceeding along the highway in a southerly dh rection, slowed down to approxiriiately 15 miles per hour, pulled slightly toward the right shoulder of the road, made a hand signal, and, traveling approximately 15 feet after signaling, turned into the left lane, intending to cross the highway and turn into a gravel road which -entered the highway at right angles. At no time did he look back or attempt to ascertain whether or not another vehicle was approaching from the rear, as he himself testified. Meanwhile, Mr. Alvie Bowman, driver of defendant’s truck, approached plaintiff’s truck from the rear and, observing it pulling to the right, blew his horn and pulled into the left lane to pass. Then the collision occurred, in the left lane, the right front wheel of the defendant’s truck ’ striking the left front wheel of the plaintiff’s truck. The testimony is in conflict regarding the question. of whether or not Bowman gave a horn signal, but the preponderance of the evidence indicates that he did. The defendant’s truck then ran off the road on the left and traveled about 100 yards until it came to rest.
The trial court’s opinion contains the following observations and findings, with which this court agrees:
“One of the most dangerous maneuvers a person can make in the operation of a motor vehicle is to turn from his proper lane of travel across a highway without first ascertaining that such a maneuver can be made in safety. This plaintiff did not even look to see if he could make such a maneuver in safety, and further than this, he gave no timely signal indicating his intention to turn across said highway, as the signal was without any effect whatsoever, *165 for at the time' the defendant’s truck was so close on the plaintiff’s truck that it was impossible for the defendant’s driver to stop in time to avoid the collision.
“The factual situation herein presented is practically the same as presented in the case of De La Vergne v. Employers Liability Assurance Corporation [La.App.], 4 So.2d '66, except in this cited case the plaintiff did not blow his horn indicating his intention to pass, and was still permitted to recover. In the present case the defendant’s driver did sound his horn indicating his intention to pass. After careful review of the testimony herein, I am satisfied that the defendant’s driver was not guilty of any negligence whatsoever in connection with this accident, and the acts of the plaintiff, as heretofore outlined, constituted the proximate cause of said accident.”
The plaintiff contends that the defendant’s vehicle was being operated at an excessive rate of speed because it traveled so far after the impact. However, in view of the fact that the defendant’s truck was loaded with feed at .the time of the accident and the fact that the greatest portion of the distance traveled after the impact was down an incline and off of the road, the plaintiff has failed to sustain this contention.
There is testimony in the record regarding the failure of the brakes in the defendant’s truck after the accident occurred. However, the condition of the brakes, after the accident does not have too much bearing on the condition of the brakes at the time of the accident for under the facts it was impossible for the defendant to avoid the accident by the use of brakes or otherwise. However, the defendant’s employee Otha Schelling, who had driven defendant’struck the day before, corroborated Mr.’ Bowman in his statement that the brakes. were in good condition prior to the collision.
For the reasons assigned, the judgment appealed from is affirmed at plaintiff’s cost,